IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ATLAS COPCO COMPRESSORS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-25-874-D ) |
| ERIC BRUCE BAKER; BLAKE HOUCK; JOSEPH HOUCK; and AIR CAPITAL EQUIPMENT, INC., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff's "Renewed Emergency Motion for Temporary Restraining Order, with Rule 65(b)(1) Certification and Brief in Support" [Doc. No. 12][1]. Included in the Motion is a certification explaining the notice that was provided to Defendants' counsel. [Doc. No. 12-7]. Defendants, Eric Baker ("E. Baker"), Blake Houck ("B. Houck"), Joseph Houck ("J. Houck"), and Air Capital Equipment, Inc., (collectively "Defendants"), have not appeared yet in this case, and thus, have not had an opportunity to respond or be heard with respect to the Motion. Nonetheless, pursuant to Fed. R Civ. P. 65(b), the Court may enter an order granting or denying the request for issuance of a temporary restraining order ("TRO") without written or oral notice to Defendants.

## LEGAL STANDARD

A TRO "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.'" *Dine Citizens Against Ruining Envir. v. Jewell*, 839 F.3d 1276, 1281 (10th

---

[1] Citations to Plaintiff's filings reference the CM/ECF pagination at the top of each page.

1

Cir 2016) (quotation omitted). The factors considered regarding a request for a TRO are the same as those for a preliminary injunction. *Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020). In order to obtain a TRO, "the plaintiff must establish the following factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Dine Citizens Against Ruining Envir.*, 839 F.3d at 1281 (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). "A party may be granted a [TRO] only when monetary or other traditional legal remedies are inadequate." *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017).

## DISCUSSION

Plaintiff seeks a TRO to prevent Defendants from using its confidential information and trade secrets, and prevent E. Baker, B. Houck, and J. Houck from breaching confidentiality agreements with Plaintiff. [Doc. No. 12]. On the current record, Plaintiff has not satisfied its burden of establishing irreparable harm and likelihood of success on the merits of its claims.

### A. Irreparable Harm

"Irreparable harm is the touchstone of preliminary relief." *Equity Bank v. McGregor*, 22-1081-DDC-GEB, 2022 WL 1102640, at *4 (D. Kan. Apr. 13, 2022). "'Courts have

2

consistently noted that because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements' will be considered." *First W. Cap. Mgmt. Co.*, 874 F.3d at 1141 (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 365 F.3d 1256, 1260 (10th Cir. 2004)). The party seeking a TRO must show that "the injury complained of [is] of such imminence that there is clear and present need for equitable relief to prevent irreparable harm." *Pinson v. Pacheco*, 397 Fed.Appx. 488, 491 (10th Cir. 2010). "[A] speculative or theoretical injury will not suffice." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021) (citing *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009).

To carry its burden, "the movant 'must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages.'" *First W. Cap. Mgmt. Co.*, 874 F.3d at 1141 (quoting *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016)). "Wholly conclusory statements alone will not constitute irreparable harm." *Am. C.L. Union of Kansas & W. Missouri v. Praeger*, 815 F. Supp. 2d 1204, 1219 (D. Kan. 2011). "Demonstrating irreparable harm is not an easy burden to fulfill." *First W. Cap. Mgmt. Co.*, 874 F.3d at 1141 (quotation omitted).

Plaintiff has failed to carry its burden to show that absent a TRO, there is a significant risk that it will experience imminent harm that cannot be remedied by money damages. Indeed, Plaintiff provides a conclusory assertion that its goodwill and customer relations will be irreparably harmed by its former employees'— E. Baker, B. Houck, and J. Houck—misappropriation of trade secrets, breach of the confidentiality agreement, and

their sharing of Plaintiff's trade secrets and confidential information with Defendant Air Capital. [Doc. No. 12, at p. 21]. However, Plaintiff has not come forward with sufficient proof showing how its goodwill and/or customer relations will be damaged. Indeed, Plaintiff has not identified any of its customer relationships that it believes will be damaged if the TRO is not entered before Defendants get an opportunity to respond.[2] Thus, Plaintiff's purported irreparable harm is too speculative at this juncture to warrant a TRO.

Additionally, Plaintiff has failed to establish that the purported harm could not be remedied by monetary damages. Plaintiff generally alleges that monetary damages would be inadequate because the purported damage to Plaintiff's "goodwill and customer relationships is difficult to quantify." [Doc. No. 12, at p. 21]. However, Plaintiff provides no evidence to support its assertion. Thus, based on the current record, Plaintiff has not shown the absence of an adequate remedy at law.

Accordingly, because Plaintiff has failed to show irreparable harm, it cannot succeed on its Motion.

**B. Likelihood of Success**

Similarly, at this juncture, Plaintiff has also failed to establish that it has "a substantial likelihood of prevailing on the merits" of its misappropriation of trade secrets and breach of contract claims. *Dine Citizens Against Ruining Envir.*, 839 F.3D at 1281. To demonstrate a likelihood of success on the merits of its claim, a movant is required "to

---

[2] The Court notes that Plaintiff alleges that prior to its Motion Defendants interfered with two of Plaintiff's customer relationships, but both were resolved. [Doc. No. 12, at p. 13-17]. Accordingly, because those incidents were resolved prior to the Motion, they do not constitute imminent irreparable injury.

present a prima facie case showing a reasonable probability that [it] will ultimately be entitled to the relief sought." *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1100 (10th Cir. 2003) (quotation omitted). The movant is not required to show an "overwhelming likelihood" of success. *Koerpel v. Heckler*, 797 F.2d 858, 867 n.5 (10th Cir. 1986) (citation omitted). However, a movant "must do more than substantiate their allegations with mere 'information and belief,' especially given the nature of the relief sought." *Equity Bank*, 2022 WL 1102640, at *7 (quotation omitted).

Plaintiff claims that Defendants misappropriated its trade secrets. However, Plaintiff mainly speculates regarding what trade secrets Defendants have taken. At best, Plaintiff identifies the names of files that it believes J. Houck and E. Baker took, but cannot state what those files contained, as Plaintiff has not viewed their contents.[3] [Doc. No. 12, at p. 8, & 10]. Moreover, the forensic examiner's determinations that the documents contained in the files at issue "appear" to be related to business activities are general and speculative. [Doc. No. 2, at p. 19, 23, & 24]. Accordingly, at this stage, Plaintiff's allegations are too speculative to carry its burden.

Additionally, Plaintiff has failed at this point to show that Defendants used Plaintiff's purported trade secrets in interstate commerce.[4] Indeed, Plaintiff makes

---

[3] Plaintiff admits that it has no evidence that B. Houck ever used a company computer; and thus, provides no evidence that he took anything from Plaintiff. [Doc. No. 12, at p. 12].
[4] "To establish a claim under the DTSA, the plaintiff must demonstrate (1) the existence of a trade secret, (2) the trade secret's misappropriation, and (3) that the trade secret implicates interstate or foreign commerce." *Double Eagle Alloys, Inc. v. Hooper*, 134 F.4th 1078, 1087 (10th Cir. 2025). Because Plaintiff fails to show the first and third elements, the Court does not and need not address the second element.

conclusory assertions "on information and belief" that Defendants used its trade secrets to interfere with Plaintiff's business and customer relationships. [Doc. 12, at p. 13-17, & 20]. Plaintiff's reliance on "information and belief" and failure to identify specifically which trade secrets Defendants used, and when and how Defendants used them, is insufficient to warrant the extreme remedy of a TRO. *See, e.g., Equity Bank*, 2022 WL 1102640, at *7 (D. Kan. Apr. 13, 2022) ("[A]t the TRO stage, plaintiffs must do more than substantiate [their] allegations with mere information and belief, especially given the nature of the relief sought.") (quotation omitted)).

For the same reasons Plaintiff has failed to show that it will likely succeed on its misappropriation of trade secrets claim, Plaintiff has also failed to show that it will likely succeed on its breach of contract claim against E. Baker, B. Houck, and J. Houck. Plaintiff's conclusory assertions are predominantly based "on information and belief" (*Id.* at p. 20-21), and too speculative to warrant a TRO.

Accordingly, on the current record at least, Plaintiff has not made a clear and unequivocal showing of a substantial likelihood of success on the merits of either its misappropriation of trade secrets claim or breach of contract claim.

Because granting a TRO requires a showing on each factor and, on the current record, Plaintiff has failed to show irreparable harm and likelihood of success, it cannot succeed on its TRO motion. Accordingly, the Court need not address the remaining two factors— balance of harms and public interest. *See State v. U.S. Env't Prot. Agency*, 989 F.3d at 884 ("When the failure to satisfy one factor is dispositive, a court need not consider the other factors.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.[5]

If Plaintiff wishes to pursue a preliminary injunction on a more developed record, the Court invites the parties, at the appropriate time, to propose an expedited briefing and hearing schedule.

**IT IS SO ORDERED** this 14th day of August, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[5] Despite the Court's denial of Plaintiff's Motion, Defendants should be mindful of the reasoning of the Supreme Court in *Jones v. Sec. Exch. Comm.'n*, 298 U.S. 1, 17 (1936) (after notice of a lawsuit in which a preliminary injunction was being sought, the non-movant's acting to bring about that sought to be enjoined is a "race against the law," and can be undone by the court without regard to the ultimate merits).